FILED
2008 Apr-28 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GHASSAN MOHAMMAD ABU SALIM,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 07-S-2305-NE |
| **UNITED STATES DEPARTMENT, OF HOMELAND SECURITY, U.S. CITIZENSHIP & IMMIGRATION SERVICE,** ) ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Ghassan Mohammad Abu Salim filed a petition, pursuant to 8 U.S.C. § 1447(b), for relief from the failure and/or refusal of the United States Department of Homeland Security, U.S. Citizenship & Immigration Service ("USCIS"), to make a final determination on his application for naturalization as a citizen of the United States.[1]  The court presently has before it defendant's motion to dismiss Abu Salim's petition or, in the alternative, to remand the matter to USCIS for further proceedings.[2]

---

[1] Doc. no. 1 (Petition). Plaintiff also asserts subject matter jurisdiction pursuant to 5 U.S.C. § 701 *et seq.*, 28 U.S.C. §§ 1361 & 1651, and 28 U.S.C. § 2201.

[2] Doc. no. 5 (Motion to Dismiss).

The relevant facts of this controversy are as follows. Petitioner submitted an application for naturalization to USCIS on August 2, 2005.[3] USCIS received the application on August 24, 2005.[4] On September 9, 2005, USCIS informed petitioner that he would be required to appear for FBI fingerprinting on September 25, 2005,[5] and petitioner appeared as directed.[6] Petitioner also participated in a mandatory interview on February 15, 2006. At the interview, he was tested on his knowledge of the English language and the government and history of the United States. He also brought certified copies of all arrest records and court dispositions to the interview, as requested by USCIS.[7] Petitioner passed the tests on the English language, United States history, and United States government, but he was informed on the date of his interview that a decision on his application could not be made at that time.[8] Upon inquiry from petitioner's attorney approximately forty-five days later, USCIS informed petitioner that he would be notified by mail when further action was taken

---

[3]Petition, Exhibit 2 (Application for Naturalization), at 10. All of the relevant procedural facts are uncontested.

[4]Petition, at Exhibit 1.

[5]Petition, at Exhibit 3.

[6]Petition, at ¶ 7.

[7]Petition, at ¶¶ 8-9 & Exhibit 4. Petitioner was arrested as an "accomplice" in Nassua County, New York on an unspecified date, and he received probation. He was twice arrested for harassment in Athens and Huntsville, Alabama, on unspecified dates, but the charges were dismissed. Plaintiff disclosed all of these prior arrests on his application for naturalization. *See* Application for Naturalization, at 8.

[8]Petition, at Exhibit 5.

on his case.[9] To this date, USCIS still has not ruled on petitioner's application for naturalization.

Before deciding an application for naturalization, USCIS must "conduct a personal investigation of the person applying for naturalization." 8 U.S.C. § 1446(a). If USCIS does not make a determination on the application

> before the end of the 120-day period after the date on which the examination is conducted under [§ 1446], the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Far more than 120 days have passed since petitioner's February 15, 2006 interview, but USCIS still has not ruled on his application for naturalization. Petitioner consequently requests that this court either make a decision on his application for naturalization, or remand the matter to USCIS with instructions to decide the application within a specified time period.

Defendant argues that petitioner is not entitled to relief under § 1447(b), because USCIS has not received the results of petitioner's name check from the Federal Bureau of Investigation ("FBI"). The court agrees with defendant that a

---

[9]*Id.* at Exhibits 6-7.

complete FBI background check is an essential element of the decision process on an application for naturalization. *See* 8 C.F.R. § 335.2(b).[10] The court also agrees that it should not exercise its authority, pursuant to 8 U.S.C. § 1447(b), to adjudicate petitioner's application for naturalization absent a complete background check. *See, e.g., Al-Jayashi v. U.S. Dept. of Homeland Security,* No. 4:07CV3028, 2007 WL 1703435, at *3-4 (D. Neb. June 11, 2007) (stating that, even with the full results of an FBI background check, "the court is not equipped to render a decision" on an application for naturalization).

It does not follow, however, that petitioner's claim should be dismissed. Instead, the court will grant defendant's alternative request to remand this matter to USCIS for *a prompt determination* of petitioner's application for naturalization. *See Silebi De Donado v. Swacina,* 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007) (noting that "the majority of courts" have remanded naturalization cases back to USCIS, rather than deciding the naturalization applications themselves).

The remand will be "with instructions" pursuant to 8 U.S.C. § 1447(b). *See id.* ("[T]o remand the case without setting a specific time limit for a determination would

---

[10]*See also* doc. no. 5, Exhibit A (Declaration of Pamela Hutchings), at ¶ 1 ("When a lawful permanent resident alien applies for naturalization, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for the benefit and that he or she is not a risk to national security or public safety. . . . No immigration benefit (e.g., adjustment of status, naturalization/U.S. citizenship) is granted unless and until all the above-required background checks have been completed and resolved.").

be to render section 1447(b) powerless.  Congress intended section 1447(b) to provide applicants with a remedy for adjudicative delays.").[11]

Accordingly, defendant's motion to dismiss petitioner's petition is DENIED. Defendant's alternative motion to remand is GRANTED.  It is ORDERED that this matter be, and it hereby is, remanded to USCIS for determination of petitioner's application for naturalization.  ***The determination must be completed within 120 days of the date of this order***.  To encourage the cooperation of the FBI in expeditiously completing its background check on petitioner, **the court directs the USCIS to forward a copy of this Memorandum Opinion and Order to the appropriate FBI official, and to promptly inform this court of the name, official position, and address of the FBI official to whom a copy of this document was forwarded, and the date of doing so.**

The clerk is directed to close this file, but subject to being reopened upon

---

[11]Defendant asserts that the court should not place a time limitation on its obligation to rule on petitioner's application because it has no control over how long the FBI will take to complete its background check.  The court is not sympathetic to defendant's dilemma, because it is of defendant's own making.  Federal regulations state that USCIS "will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only *after* the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."  8 C.F.R. § 335.2(b) (emphasis supplied).  Here, USCIS required petitioner to appear for his initial examination *before* it received the complete results of the FBI background check.  In so doing, it triggered the start of the 120-day period for deciding petitioner's application, an action that cannot now be undone.  The court will not deprive petitioner of a meaningful remedy simply because defendant failed to follow its own regulatory scheme.

appropriate petition of plaintiff for failure of defendant USCIS or the FBI official referenced by description in the preceding paragraph to comply with the orders of this court.

DONE this 28th day of April, 2008.

_____
United States District Judge